■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS CASALE, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed June 21, 1972. Appeal dismissed as moot. We have been informed that since the submission of this appeal defendant has been resentenced. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES LEONARD CHRISTIAN, Appellant.— Appeal by defendant from two judgments of the Supreme Court, Queens County, both rendered March 19, 1971, on Indictment Nos. 1828/70 and 778/71, respectively, each convicting him of criminally selling a dangerous drug in the third degree, upon a plea of guilty, and imposing an indeterminate term of imprisonment of a maximum of five years, with the sentences to run concurrently. Judgment on Indictment No. 778/71 affirmed. No opinion. Judgment on Indictment No. 1828/70 modified, on the law, by reducing the maximum term of imprisonment thereunder to four years; and this sentence shall continue to run concurrently with the sentence on Indictment No. 778/71. Defendant's plea of guilty on Indictment No. 778/71 was to a class C felony. There was no mistake with respect thereto. A class C felony carries a permissible maximum of 15 years. Defendant was given a maximum sentence of five years. On Indictment No. 1828/70 defendant's guilty plea was accepted as one to "a class E felony", which has a permissible maximum of four years. The sentencing court was therefore in error when it imposed a sentence with a maximum of five years on that indictment. Rabin, P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN CLARKE, Also Known as NAPOLEON CLARKE, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, entered November 3, 1971, which (1) granted defendant's motion for reargument of his prior motion inter alia to dismiss the two-count indictment and, (2) on reargument, granted said prior motion to dismiss as to the first count, which charged assault in the second degree. Order modified, on the law, by striking therefrom the second decretal paragraph and substituting therefore a provision denying the motion to dismiss the indictment. As so modified, order affirmed. The evidence before the Grand Jury establishes a prima facie case of assault in the second degree for an attack committed upon a police officer after defendant had been arrested following the commission of a prior assault. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GREGORY McLEAN FORD, Appellant. — Appeal by defendant from an order of the Supreme Court, Kings County, dated April 12, 1972, which denied his motion for a reduction of bail. Appeal dismissed. An order denying reduction of bail is not appealable. Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.